UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LIBERTY INSURANCE
UNDERWRITERS, INC.,

                       Plaintiff,

    -against-

GREENWICH INSURANCE COMPANY,

                      Defendant.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
16-CV-4293 (ADS) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      The parties' cross-motions for partial summary judgment in this insurance coverage declaratory judgment action turn on their competing views over whether New York Insurance Law ("N.Y. Ins. L.") § 3420 applies to this case. Section 3420's application here would require the carrier Defendant Greenwich Insurance Company ("Defendant" or "Greenwich") to show prejudice to disclaim coverage based on its late notice defense. *See* Docket Entry ("DE") [23], [24].[1] Plaintiff Liberty Insurance Underwriters, Inc. ("Plaintiff" or "Liberty") contends that section 3420 governs its claims. Greenwich argues the opposite. After the motions were fully briefed, the New York Court of Appeals handed down its decision in *Carlson v. Amber. Int'l Group, Inc.,* 30 N.Y.3d 288, 67 N.Y.S.3d 100 (2017) interpreting the statutory language at issue and establishing that section 3420 governs the parties' dispute. As a result,

---

[1] The parties' cross-motions were originally referred to this Court by Hon. Arthur D. Spatt by order dated October 26, 2017. The parties later filed an executed Notice, Consent and Reference of a Civil Action to a Magistrate Judge so that this Court could issue a final decision on the motions, which Judge Spatt So Ordered. *See* DE [33, 35].

and for the reasons below, Liberty's motion for partial summary judgment is granted and Greenwich's cross-motion is denied.

## I. Background

The following facts are taken from the parties' pleadings, deposition transcripts, affidavits, exhibits and respective Rule 56.1 statements. Unless otherwise noted, these facts are not in dispute.

Liberty is an Illinois corporation with its principal place of business in Massachusetts. *See generally* Compl. Greenwich is a Delaware corporation with its principal place of business in Connecticut and maintains an office in New York. *See id.* The parties' insurance coverage dispute stems from a New York State Court personal injury action commenced on or about October 7, 2011, *Schutt v. Dynasty Transportation of Ohio, Inc.,* Index. No. 31979/2011 (N.Y. Sup. Ct. Suffolk County) (the "Underlying Action"). *See* Defendant's Rule 56.1 Statement of Facts ("Def.'s 56.1 Stmt."), ¶ 1. In the Underlying Action the plaintiffs allege that on May 9, 2009, Robert Schutt was injured while working for Noble Elevator Co. Inc. ("Noble"), a New York corporation, on a construction project in Bay Shore, New York. *See id.* ¶¶ 2-3. Noble was hired by the project's general contractor T.G. Nickel & Associates ("T.G. Nickel"). *See id.* ¶¶ 4-6. In the Underlying Action the plaintiffs sued T.G. Nickel, which in turn initiated a third-party action against Noble. *See id.*

In accordance with a commercial general liability policy, Liberty is defending T.G. Nickel in the Underlying Action. *See id.* ¶ 22. Greenwich is defending Noble in Underlying Action pursuant to a separate commercial general liability policy

(the "Greenwich Policy"). Two provisions of the Greenwich Policy are relevant to the parties' motions here: (1) T.G. Nickel is named as an additional insured; and (2) notice of a claim or suit be given "as soon as practicable." *See id.* ¶¶ 7, 10. Based on T.G. Nickel being an additional insured, Liberty provided notice of the claim in the Underlying Action to Greenwich and tendered the defense of T.G. Nickel on December 21, 2011, which was received by Greenwich on December 29, 2011. *See id.* ¶ 25. Greenwich denied Liberty's claim based on the late notice, among other reasons. *See id.* ¶ 26.

Liberty now moves for partial summary judgment, seeking a ruling that the Greenwich Policy is governed by N.Y. Ins. L. § 3420, which requires the additional showing of prejudice to disclaim based on late notice. *See* Plaintiff's Memorandum in Support, DE [23-21]. Greenwich cross-moves for a ruling that N.Y. Ins. L. § 3420 does not apply, and so no such showing of prejudice is required. *See* Defendant's Memorandum in Support, DE [24-1]. Greenwich concedes that Noble and the insured risk are both in New York. *See* Def.'s Mem. at 11 ("Although Greenwich does not dispute that Noble and the risk are both located in New York . . . ."). For the reasons below the Court concludes that section 3420 applies, and as a result, Liberty's motion for partial summary judgment is granted and Greenwich's cross-motion is denied.

## II. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

3

material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Rule 56(c) deems a fact "material" when its resolution "might affect the outcome of the suit under the governing law." *Murray v. Town of N. Hempstead*, 853 F. Supp. 2d 247, 257–58 (E.D.N.Y. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)). The evidence alleged to support a "genuine issue" must be "such that a reasonable jury could return a verdict for the nonmoving party" based on that evidence. *Id.* "The inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 202 (2d Cir. 1995) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam); *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir. 1989)).

If the moving party meets its burden, then it is incumbent upon the nonmoving party to put forth in its opposition "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ.P. 56(e)). Such a showing must be specified and articulated and must provide more than a "metaphysical doubt" that the moving party's evidence warrants judgment in its favor. *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356; *see Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted) (holding summary judgment is appropriate when the moving party can show that "little or no evidence may be found in support of the nonmoving party's case.").

4

## III. Discussion

As set forth above, the sole issue here is whether N.Y. Ins. L. § 3420 applies to the Greenwich Policy so that Defendant must make a showing of prejudice to succeed on its late notice defense. For the reasons below, the Court concludes that it does.

New York Insurance Law § 3420 provides:

> No policy or contract insuring against liability for injury to any person…or destruction of [] property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions that are equally or more favorable:
>
> ***
>
> (5) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured . . . unless the failure to provide timely notice has prejudiced the insurer.

N.Y. Ins. L. § 3420(a)(5).

The issue before the Court is whether the Greenwich Policy was "issued or delivered in this state" within the meaning of the statute. Although the statute itself does not define this term, the New York Court of Appeals has recently concluded that this language includes "policies that cover both insureds and risks located in [New York]." *Carlson*, 30 N.Y.3d at 296, 305-09, 67 N.Y.S.3d at 103, 110-13 (relying on its holding in *Preserver Ins. Co. v. Ryba,* 10 N.Y.3d 635, 862 N.Y.S.2d 820 (2008) interpreting a prior version of N.Y. Ins L § 3420(d) containing different language in a similar manner). Because the insured, Noble, is a New York company, and the risk was a construction site in Bay Shore, New York, under *Carlson* the Greenwich Policy is governed by N.Y. Ins. L. § 3420 and its prejudice requirement applies to

5

Defendant's late notice defense. Accordingly, Liberty's motion for partial summary judgment on this issue is granted and Greenwich's cross-motion is denied.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for partial summary judgment is granted and Defendant's motion for partial summary judgment is denied. Further, a status conference is set for September 13, 2018 at 11:00 a.m. in Courtroom 820 of the Central Islip courthouse, at which time the Court will enter an amended scheduling order.

Dated: Central Islip, New York
August 28, 2018

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge